IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY EUW-JONG SITANGGANG,<br><br>            Plaintiff,<br><br>     vs.<br><br>INDYMAC BANK, F.S.B., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV F 09-0367 LJO SMS<br><br>**ORDER TO DISMISS ACTION AND TO DENY INJUNCTIVE RELIEF**<br>(Docs. 6,10.) |

**BACKGROUND**

Plaintiff Nancy Euw-Jong Sitanggang ("plaintiff") has filed papers, including an Amended Verified Complaint ("AVC"), which claim that her Clovis home is subject to wrongful foreclosure. Plaintiff seeks injunctive relief "to stop" non-judicial foreclosure of her home. Like many before her, plaintiff relies on unsupported factual and legal claims which this and other Courts have rejected and continue to reject routinely.[1] As discussed below, this Court DISMISSES this action and DENIES plaintiff requested injunctive relief.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Standards**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

---

[1] Plaintiff appears to pursue wrongful foreclosure and fraud claims against her lender or its assignee, foreclosure trustee, and others involved in her loan and foreclosure.

1

may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) dismissal challenges the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required

2

elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke*, 490 U.S. at 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

With these standards in mind, this Court turns to the AVC's deficiencies.

### **Tender To Cure Default**

Plaintiff does not deny that she is in default on her $322,500 refinance home loan. Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92

Cal.Rptr. 851 (citing several cases).

Plaintiff's inability to make monthly promissory note payments reflects inability to tender amounts owed to bar her claims and requested relief. Plaintiff neither pleads nor offers anything to suggest a tender to pay her debt. Setting aside foreclosure is useless to render plaintiff's claims meritless and subject to dismissal.

### **Holder Of The Promissory Note**

Plaintiff premises her claims on lack of identity of her original promissory note's holder. The AVC alleges: "If the identity of the owner and holder of the Note is not established, someone else may show up later holding the Note and sue Plaintiff or otherwise attempt to collect." The unknown holder of the promissory note theory is meritless.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, §

4

2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

The record reveals no irregularities to preclude non-judicial foreclosure. The California non-judicial foreclosure procedures permit foreclose to warrant dismissal of plaintiff's claims.

## TILA Rescission

Plaintiff appears to pursue rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations 12 C.F.R. §§ 226, et seq. ("Reg. Z").

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a). As noted above, plaintiffs' papers make no suggestion of a valid tender of her outstanding loan. The "voiding of a security interest may be judicially conditioned on debtor's tender of amount due under the loan." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

15 U.S.C. § 1635(b) governs the return of money or property when a borrower exercises the right to rescind:

> . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

12 C.F.R. § 226.23(d) address rescission effects and provides:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the**

5

**money or property to the creditor** or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.  (Bold added.)

Although 15 U.S.C. § 1635(b) "provides for immediate voiding of the security interest and return of the money within twenty days of the notice of rescission, we believe this assumes that the notice of rescission was proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007). The Ninth Circuit Court of Appeals has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming summary judgment for lender in absence of evidence that borrowers could refinance or sell property); *see American Mortgage*, 486 F.3d at 821 ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).[2]

---

[2] The Fourth Circuit Court of Appeals agrees with the Ninth Circuit that 15 U.S.C. § 1635(b) does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds:

> Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers.

*Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976).

The AVC merely references a "timely" rescission notice. Plaintiff fails to establish a timely, valid rescission notice and tender of her outstanding debt. "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage*, 486 F.3d at 820-821. As such, without plaintiff's tender, TILA rescission is an empty, inappropriate remedy. The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms plaintiff's TILA rescission claim to warrant its dismissal.

In the absence of allegations of ability to tender indebtedness and foreclosure irregularities, plaintiffs' quiet title, TILA and wrongful foreclosure claims fail.

**Fraud**

The AVC includes a fraud claim based on insufficient allegations.

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are

7

insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .

In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity").

The elements of fraud under California law are:

1. Misrepresentation (false representation, concealment or nondisclosure);
2. Knowledge of falsity ("scienter");
3. Intent to defraud, i.e., to induce reliance;
4. Justifiable reliance; and
5. Resulting damage.

*City Solutions, Inc. v. Clear Channel Communications, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004).

The AVC merely alleges a defendant misrepresented authority to sign an assignment of deed of trust and substitution of trustee. The AVC lacks specific allegations of fraud elements. The AVC lacks sufficient details of alleged fraud to permit defense of such claim. The time, place and specific nature of fraudulent activities and benefits are missing as are purported damages. The complaint's conclusory allegations fail to satisfy F.R.Civ.P. 9(b) to support a fraud claim to further warrant its dismissal. No grounds arise for an attempt to amend the fraud claim.

**Malice**

This Court is concerned that plaintiff brought this action in absence of good faith to stall foreclosure and to vex defendants named in her AVC.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

*Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

Plaintiff's attempt to abuse the judicial process further warrants dismissal of her claims.

### Injunctive Relief

Plaintiff fails to demonstrate that she is entitled to requested injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Arcamuzi*, 819 F.2d at 937. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." *Arcamuzi*, 819 F.2d at 937. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937.

Plaintiff makes no showing that justice requires this Court's intervention on her mere claim that she wishes to remain in her home although she does not pay her loan. Plaintiff makes no attempt to demonstrate even a fair chance of success on the merits or the existence of serious questions to require litigation. As addressed above, her claims are meritless and an unsubstantiated attempt to stall foreclosure. Injunctive relief to delay or preclude foreclosure serves no legitimate purpose.

Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a

requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting *O'Shea*, 414 U.S. at 502, 94 S.Ct. at 679). Plaintiff provides no credible, substantiated evidence of identifiable, potentially repeatable wrongs and fails to support her injunctive relief request with adequate legal and factual grounds.

## CONCLUSION AND ORDER

For the reasons discussed below, this Court:

1. DISMISSES without prejudice this action;
2. DENIES plaintiff injunctive relief;
3. DIRECTS the clerk to close this action; and
4. **ADMONISHES plaintiff not to abuse the judicial process to attempt to delay or obstruct rightful foreclosure of her home and that plaintiff is subject to sanctions if she attempts to do so.**

IT IS SO ORDERED.

**Dated:   May 6, 2009**                              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE