# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY EUW-JONG SITANGGANG,<br><br>                Plaintiff,<br>   vs.<br>INDYMAC BANK, F.S.B., et al,<br><br>                Defendants. | CASE NO. CV F 09-0367 LJO SMS<br><br>**ORDER ON RECONSIDERATION MOTION**<br>(Docs. 16, 17.) |

## INTRODUCTION

Plaintiff Nancy Euw-Jong Sitanggang ("plaintiff") seeks reconsideration of this Court's May 6, 2009 order ("May 6 order") to dismiss her claims to rescind her home loan and to deny injunctive relief to preclude foreclosure of her home. This Court DENIES reconsideration in the absence of this Court's clear error.

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). A reconsideration motion is restricted:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the . . . motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.*

*Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting

*Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982)), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff does not attempt to demonstrate clear error. Plaintiff attempts to rewrite the law. In short, plaintiff attempts to concoct a rescission which eliminates her need to tender loan proceeds and allow her to remain in her home without making payments. Quite simply, plaintiff's "lawsuit smacks of bad faith" in that after foreclosure proceedings, plaintiff "suddenly files this suit seeking in effect to have the loan *with which [she] obtained [her] residence* declared illegal so as to back out of his contractual promise to pay the loan." *Nixon v. The Individual Head of St. Joseaph Mortgage Co.*, 615 F.Supp. 898, 900-901 (N.D. Ind. 1985) (italics in original). Plaintiff's wrongful attempt to rescind does not discharge her obligations to pay her loan or tender its proceeds. Plaintiff points to no pertinent legal grounds to support reconsideration or to demonstrate clear error.

As such, this Court DENIES reconsideration and again **ADMONISHES plaintiff not to abuse the judicial process to attempt to delay or obstruct rightful foreclosure of her home and that plaintiff is subject to sanctions if she attempts to do so.**

IT IS SO ORDERED.

**Dated:   May 15, 2009**                          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE